Eastern District of Kentucky
**F I L E D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

NOV 1 0 2022

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                INDICTMENT NO. 22-138-KKC-MAS

RANDALL D. TAULBEE,
JAMES A. MCDONALD and
CHERIE LYNN NOBLE

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

1. **RANDALL D. TAULBEE** and **JAMES MCDONALD** individually, and together with **CHERIE LYNN NOBLE** and others worked, to defraud the United States through the filing of false insurance claims ultimately reimbursed by the United States Department of Agriculture ("USDA"), by making false statements and reports in connection with the federal crop insurance program.

2. **CHERIE LYNN NOBLE** provided a materially false statement to the USDA during its investigation into crop insurance fraud schemes.

**FACTUAL BACKGROUND**

3. At all times relevant hereto, **RANDALL D. TAULBEE** owned and rented farmland in Bourbon County and Nicholas County, within the Eastern District of Kentucky. Since at least 2009, he obtained insurance coverage over his tobacco crop and

his corn crop since at least 2013.

4. At all times relevant hereto, **JAMES MCDONALD** owned and rented farmland in Bourbon County and Nicholas County, within the Eastern District of Kentucky. He obtained insurance coverage over his tobacco crop beginning in at least 2012, and his corn crop beginning in at least 2013.

5. **CHERIE LYNN NOBLE** applied for crop insurance in Crop Years 2015 and 2016, covering tobacco crop in Bourbon County, Kentucky.

6. **RANDALL D. TAULBEE's** is **CHERIE LYNN NOBLE's** brother. **JAMES MCDONALD** is **TAULBEE** and **NOBLE**'s brother-in-law.

## COUNTS 1-3
## 18 U.S.C. § 1014

7. Paragraphs 1 through 6 above are re-alleged and incorporated herein by reference.

8. On or about the dates listed below, in Bourbon Countu and Nicholas County, in the Eastern District of Kentucky and elsewhere,

### RANDALL D. TAULBEE

knowingly made false statements and reports for the purpose of influencing in any way the action of the FCIC, and companies the FCIC reinsures, upon an application, advance, commitment, loan, and insurance agreement or application for insurance or a guarantee, to wit:

| Count | Date | False Statement or Report |
|---|---|---|
| 1 | April 18, 2013 | On his Crop Year 2013 Production Reporting Form, **RANDALL D. TAULBEE** certified that he was a New |

| | | |
|---|---|---|
| | | Producer, who had not produced the insured crop in the county for more than two years. |
| 2 | July 9, 2014 | On his Crop Year 2014 Acreage Report, **RANDALL D. TAULBEE** overreported the amount of acreage of tobacco he insured on Farm Number 2991. |
| 3 | December 28, 2016 | In receipts submitted with his claim of loss in Crop Year 2016, **RANDALL D. TAULBEE** submitted false input records from Pecks Farm Supply. |

All in violation of 18 U.S.C. § 1014.

## COUNTS 4-6
## 18 U.S.C. § 1014

9. Paragraphs 1 through 6 above are re-alleged and incorporated herein by reference.

10. On or about the dates listed below, in Bourbon County and Nicholas County, in the Eastern District of Kentucky and elsewhere,

### JAMES MCDONALD

knowingly made false statements and reports for the purpose of influencing in any way the action of the Federal Crop Insurance Corporation ("FCIC"), and companies the FCIC reinsures, upon an application, advance, commitment, loan, and insurance agreement or application for insurance or a guarantee, to wit:

| Count | Date | False Statement or Report |
|---|---|---|
| 4 | June 16, 2014 | On his Crop Year 2014 Acreage Report, **JAMES MCDONALD** overreported his acreage of tobacco on Farm Numbers 3609 and 4649. |
| 5 | September 1, 2015 | On his Crop Year 2015 Notice of Loss on his tobacco policy, **JAMES MCDONALD** falsely reported a cause of loss of hail. |
| 6 | September 20, 2016 | In receipts submitted with his claim of loss in Crop Year 2016, **JAMES MCDONALD** submitted false input records from Pecks Farm Supply. |

All in violation of 18 U.S.C. § 1014.

## COUNT 7
## 18 U.S.C. § 371

11. Paragraphs 1 through 6 above are re-alleged and incorporated herein by reference.

12. Since at least March 2013, and continuing through in or about November 2017, in the Eastern District of Kentucky and elsewhere,

**RANDALL D. TAULBEE,**
**JAMES A. MCDONALD**

and others knowingly and willfully conspired and agreed to commit an offense against the United States, that is, making false statements and reports for the purpose of influencing in any way the actions of the FCIC, and companies the FCIC reinsures, upon application, advance, commitment, loan, and insurance agreement or application for insurance or a guarantee, in violation of 18 U.S.C. § 1014.

### Purpose of the Conspiracy

13. It was the purpose of the conspiracy to profit or to avoid oversight through misrepresenting shares on crop insurance policies and underreporting crop production.

### Manner and Means

14. In Crop Years 2013 and 2015, corn was sold under **JAMES MCDONALD's** minor son's name, the proceeds for which were deposited into the bank account of **JAMES MCDONALD**. **JAMES MCDONALD** then split the proceeds with **RANDALL D. TAULBEE**. Neither reported this corn production on their crop insurance claims of loss, resulting in a larger indemnity payout, which they also split.

15.     **RANDALL D. TAULBEE** and **JAMES MCDONALD** reported themselves as 100% insurable interest owners on tobacco policies in their respective names, all the while each paying for half of the inputs and receiving half of the profits from the indemnity payments from all policies in their names.

## Overt Acts

16.     On or about January 7, 2014, **JAMES MCDONALD** deposited two checks totaling $2,647.72, for grain sales in the name of his minor son into his own bank account.

17.     On various dates in or about September 2014, **JAMES MCDONALD** received a total of $129,258 in crop insurance proceeds from ARMTech Insurance Services, which was comprised of both federal and private indemnity payments, and paid, through various checks, approximately $49,149 of those proceeds to **RANDALL D. TAULBEE**, who also received $26,239 in insurance proceeds from ARMTech Insurance Services.

18.     On or about January 12, 2016, **RANDALL D. TAULBEE** deposited two checks for crop insurance proceeds from ARMTech Insurance Services totaling $11,383 and then paid approximately $5,691 to **JAMES MCDONALD** through a check deposited in McDONALD's bank account on or about January 19, 2016.

All in violation of 18 U.S.C. § 371.

## COUNT 8
## 18 U.S.C. § 371

19. Paragraphs 1 through 6 above are re-alleged and incorporated herein by reference.

20. Since at least March 2015, and continuing through in or about March 2017, in Bourbon County, in the Eastern District of Kentucky and elsewhere,

**RANDALL D. TAULBEE,**
**JAMES A. MCDONALD,**
**CHERIE LYNN NOBLE,**

and others knowingly and willfully conspired and agreed to commit an offense against the United States, that is, making false statements and reports for the purpose of influencing in any way the actions of the FCIC, and companies the FCIC reinsures, upon application, advance, commitment, loan, and insurance agreement or application for insurance or a guarantee, in violation of 18 U.S.C. § 1014.

### Purpose of the Conspiracy

21. It was the purpose of the conspiracy to profit by obtaining crop insurance policies in a nominee name and then filing of false and fictitious crop insurance claims.

### Manner and Means

22. In Crop Year 2015, **CHERIE LYNN NOBLE** obtained crop insurance from ARMTech Insurance Services covering a tobacco crop in Bourbon County. As a consequence, she was awarded new producer status. A claim of loss on this policy was filed reporting hail and as a result the crop went unharvested.

23. The above-mentioned 2015 tobacco crop in Bourbon County did not belong

to **NOBLE**. Once **NOBLE** received the indemnity payment from ARMtech Insurance Services she gave most of that money back to the true owners of the crop, **TAULBEE** and **MCDONALD**.

24. In Crop Year 2016, **CHERIE LYNN NOBLE** again obtained crop insurance from ARMTech Insurance Services covering tobacco crop on a different field in Bourbon County. A claim of loss on this policy was filed reporting excessive moisture and as a result the crop went unharvested.

25. The above-mentioned 2016 tobacco crop in Bourbon County did not belong to **NOBLE**. Once **NOBLE** received the indemnity payment from ARMtech Insurance Services she gave most of that money back to the true owners of the crop, **TAULBEE** and **MCDONALD**.

## Overt Acts

26. On or about March 10, 2015, **CHERIE LYNN NOBLE** signed an application for tobacco insurance for Bourbon County.

27. On or about July 15, 2015, **CHERIE LYNN NOBLE** signed an acreage report for insurance, claiming to be a 100% insurable interest holder over 44.0 acres on Farm Number 4649 and 12.0 acres on Farm Number 2609.

28. On various dates in or about August and September 2015, **NOBLE** received checks from ARMTech Insurance Services totaling $179,513.00 in indemnity payments, which was comprised of both federal and private indemnity payments, and she paid most of these proceeds to **RANDALL D. TAULBEE** and **JAMES MCDONALD** through various checks.

29. On or about July 13, 2016, **CHERIE LYNN NOBLE** signed an acreage report for tobacco insurance, claiming to be a 100% insurable interest holder over 22.3 acres on Farm Number 4649.

30. On various dates in or about October 2016, **NOBLE** received a check from ARMTech Insurance Services for $37,824 as an indemnity payment and then she paid most of these proceeds to **RANDALL D. TAULBEE** and **JAMES MCDONALD** through various checks.

All in violation of 18 U.S.C. § 371.

## COUNT 9
## 18 U.S.C. § 1001

31. On or about March 28, 2018, in the Eastern District of Kentucky and elsewhere,

### CHERIE LYNN NOBLE

willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the United States, by stating that she was farming tobacco and was not related to Randy Taulbee, to USDA Office of Inspector General Special Agent Jeffrey Monnin, at Rogers Foam located in Mt. Sterling, Kentucky, at approximately 10:00 am. The statements and representations were false because, as **NOBLE** then and there knew, she did not raise tobacco, but rather Randall D. Taulbee and James McDonald, her brother and brother-in-law, raised tobacco in her name, all in violation of 18 U.S.C. § 1001.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 982
## 18 U.S.C. § 981(a)(l)(C)
## 28 U.S.C. § 2461(c)

By virtue of the commission of the felony offenses alleged in Counts 1 through 8 of this Indictment, each punishable by imprisonment for more than one year, **RANDALL D. TAULBEE, JAMES MCDONALD,** and **CHERIE LYNN NOBLE** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s) of 18 U.S.C. § 1014. Any and all interest that **RANDALL D. TAULBEE, JAMES MCDONALD,** and **CHERIE LYNN NOBLE** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. §§ 982 and 981(a)(1)(C) and 28 U.S.C. § 2461.

The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT**:

As against **RANDALL D. TAULBEE**, $182,331.16 representing the approximate amount of proceeds derived from crop insurance fraud.

As against **JAMES MCDONALD**, $207,754.65, representing the approximate amount of proceeds derived from crop insurance fraud.

As against **CHERIE LYNN NOBLE**, $3,028.92, representing the approximate amount of proceeds derived from crop insurance fraud.

If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United

States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

_/s/ Carlton S. Shier_

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNTS 1-8:**  Not more than 30 years imprisonment, $1,000,000 fine or twice the gross gain or loss, and 5 years supervised release.

**COUNTS 9:**  Not more than 5 years imprisonment, $250,000 fine or twice the gross gain or loss, and 3 years supervised release.

**PLUS:**  Mandatory special assessment of $100 per count.

**PLUS:**  Restitution, if applicable.

**PLUS:**  Forfeiture of listed property.